# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

**CECIL DALBERT MARSH,**
***et al.,***

      Plaintiffs,

**v.**

      **Case No. 1:24-cv-315-CLM**

**STATE FARM FIRE AND
CASUALTY COMPANY, *et al.,***
      Defendants.

## MEMORANDUM OPINION

A fire destroyed the home of Cecil and Allison Marsh ("Marshes"). The Marshes sued State Farm Fire and Casualty Company ("State Farm") and Pilot Catastrophe Services, Inc. ("Pilot") in state court for failure to fully pay insurance benefits for the damage. State Farm 'snap' removed the case to this federal court, (doc. 1), claiming diversity jurisdiction, and promptly asked the court to dismiss some of the Marshes' claims (doc. 2). Noticing that the Marshes and Pilot both reside in Alabama, the court asked State Farm how the court had diversity jurisdiction. (Doc. 5).

Having now read briefing on all topics, the court (a) has diversity jurisdiction because the Marshes 'fraudulently joined' Pilot and (b) **GRANTS** State Farm's motion to dismiss Count II *with* prejudice and Count III *without* prejudice.

## BACKGROUND

1. <u>The Fire</u>: Lightning struck the Marshes' home in July 2022. The home caught fire, destroying most of the structure and contents. (Doc. 1-1, ¶¶ 10-11). At the time, the Marshes had a homeowners' insurance policy with State Farm in effect that covered, among other things, fire insurance coverage to the dwelling and personal property. (Doc. 1-1, ¶ 13). The Marshes allege that "State Farm has failed to fully compensate [them] for the contractually covered losses which were incurred as well as any and

all other damages to which [they] are so entitled." (Doc. 1-1, ¶ 15). The Marshes add that they were "passed back and forth between eight (8) or more different adjusters who were employed by either State Farm or Pilot during the pendency of th[eir] claim." (Doc. 1-1, ¶ 16). "Since the fire, Plaintiffs have been displaced from their home and have been forced to obtain alternative housing, clothing, and furniture . . . ." (Doc. 1-1, ¶ 16).

2. <u>The lawsuit</u>: The Marshes sued State Farm and Pilot in state court. (Doc. 1-1). The pleaded three claims against State Farm: breach of contract (Count I); negligence/wantonness (Count II); and fraud (Count III). They pleaded one claim against Pilot: negligence/wantonness (Count IV).

After State Farm was served, but before Pilot was served, State Farm 'snap' removed the case to this court under 28 U.S.C. § 1441. (Doc. 1). State Farm claimed that this court had diversity jurisdiction under 28 U.S.C. § 1332(a) because State Farm is an Illinois corporation, diverse from the Marshes who are Alabama citizens—and Pilot should not count because Pilot was not served. (*See* Doc. 1, ¶ 9). On the same day, State Farm filed a motion to dismiss. (Doc. 2).

The court ordered State Farm to show cause as to why the case should not be remanded for lack of subject matter jurisdiction because Pilot (once properly served) would destroy diversity. (Doc. 5). In response, State Farm filed an Amended Notice of Removal. (Doc. 6). In it, State Farm says:

> The citizenship of Defendant Pilot Catastrophe Services (alleged to be Alabama) should be disregarded because joinder of Pilot Catastrophe Services (which has now been served) was fraudulent, thus removing any need for analysis of the forum defendant rule. *See Henderson v. Washington Nat'l. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) ("[w]hen a Plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant."); *Cabalceta v. Standard Co.*, 883 F.2d 1553 (11th Cir. 1989);

> *Brawley v. Nw. Mut. Life Ins. Co.*, 288 F. Supp. 3d 1277, 1285
> (N.D. Ala. 2017).

(Doc. 7 at 1-2). State Farm asserts that "Plaintiffs fraudulently joined Pilot Catastrophe Services as a party solely to defeat federal jurisdiction." (Doc. 6, ¶ 8).

## STANDARDS OF REVIEW

### 1. Fraudulent Joinder

"In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) (citing *Cabalceta,* 883 F.2d at 1561).

The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court. *See id.; Cabalceta,* 883 F.2d at 1562. The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. *Crowe,* 113 F.3d at 1538. In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor. *Id.*

### 2. Motion to Dismiss

1. <u>General Rule 8 standard</u>: A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* Rule 12(b)(6) permits dismissal when

a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for relief when the plaintiff pleads facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

2. <u>Heightened Rule 9 standard</u>: Fraud-based claims must also satisfy Rule 9(b)'s heightened pleading standard, by "stat[ing] with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). To meet that standard, the complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal citations and quotation marks omitted).

## DISCUSSION

Because Pilot's inclusion as a defendant destroys diversity—and thus this court's jurisdiction—the court starts by determining whether the Marshes fraudulently joined Pilot.

## 1. Jurisdiction / Fraudulent Joinder (Count IV)

In this Circuit, district courts must ignore resident defendants for diversity purposes if there is no possibility that the plaintiff can establish the cause of action alleged in the Complaint against the resident defendant. *Cabalceta*, 883 F.2d at 1561 (citing *Insigna v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988); *Coker v. Amaco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1993)).

The Marshes allege only one claim against Pilot: negligence and/or wantonness (Count IV). (Doc. 1-1 at 9–10).[1] They specifically allege that State Farm contracted with Pilot "to assist in the adjustment of the Plaintiffs['] claim" and that Pilot was "negligent and/or wanton in the adjustment of Plaintiffs['] claim." (Doc. 1-1 ¶¶ 38–39). However, the Alabama Supreme Court has consistently held that a claim for negligent and/or wanton claim handling is not recognized under Alabama law. *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995) ("[T]his [c]ourt has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims."); *Pate v. Rollison Logging Equip.*, 628 So. 2d 337, 345 (Ala. 1993). *See also United States Liab. Ins. Grp. v. Miller*, No. 5:08-CV-00079, 2008 WL 11382029, at *2 (N.D. Ala. May 5, 2008) (observing the generally accepted principle that, in Alabama, "no claim for negligent or wanton handling of insurance [claims] may lie. . . .").

This court finds that a state court would summarily dismiss Count IV against Pilot as non-viable under Alabama law. *See id.* The court thus finds that the Marshes fraudulently joined Pilot and thus cannot consider Pilot when looking for diversity jurisdiction. *Cabalceta*, 883 F.2d at 1561. Because there is complete diversity between the Marshes and State Farm, this court has jurisdiction. And because (a) Pilot has not filed a motion to dismiss, and (b) "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law," *Crowe,* 113 F.3d at 1538, Count IV remains.

---

[1] Although Count IV against Pilot Catastrophe Services, Inc. ("Pilot Catastrophe Services") is not styled as an action for "Negligent and/or Wanton Claims Handling," the substance of the count is Pilot Catastrophe Services' allegedly negligent and/or wanton handling of Plaintiffs' claim and failure to properly adjust the claim during the claim handling. *Bailey v. Faulkner*, 940 So. 2d 247, 253 (Ala. 2006) (noting the "substance of the plaintiff's allegations control, not the effort given by the plaintiff to style the claims throughout litigation.").

**2. State Farm's Motion to Dismiss (Counts II-III)**

The Marshes pleaded three counts against State Farm. State Farm does not seek dismissal of Count I, which alleges breach of contract.

State Farm asks the court to dismiss Count II, which alleges the same negligent or wanton handling of an insurance claim that the Marshes alleged against Pilot in Count IV. For the reasons explained in Part 1, that claim is not viable under Alabama law. *See Kervin*, 667 So. 2d at 706. The court will thus grant State Farm's motion on Count II. Because the Marshes cannot re-plead Count II to make it viable, the dismissal will be *with* prejudice.

State Farm also asks the court to dismiss Count III, which alleges fraud. That claim reads, in full:

> 32. Plaintiffs aver, Defendant State Farm was fraudulent and deceptive m the adjustment of Plaintiffs claim.

> 33. Plaintiffs further aver, Defendant State Farm knew the Plaintiffs were retired and elderly. Further Defendant State Farm knew, if they changed adjusters every few months, it would make it increasingly difficult for Plaintiffs claim to be properly adjusted and paid as per the contract between the parties.

> 34. Plaintiffs aver, on numerous occasions, they have sent numerous emails and made countless phone calls to each and every adjuster that had been assigned to the claim in search of an update regarding the status of the claim. Moreover, Plaintiffs requested numerous meetings with said adjusters to work on a solution so they could make progress towards getting this claim resolved, all of which was to no avail.

> 35. As a proximate result of Defendant State Farm's fraudulent conduct in the handling of their claim, Plaintiffs have been damaged financially, emotionally, and physically.

(Doc. 1-1, ¶¶ 32-35).

To succeed on a fraud claim, the Marshes must establish (1) State Farm made a false representation; (2) concerning an existing material fact; (3) while knowing that it was false, or made it recklessly, or made it with no knowledge as to its truth or falsity; (4) the Marshes reasonably relied on the representation; and (4) they were damaged as a proximate result of that reliance. S*tandifer v. Best Buy Stores, L.P.*, 364 F. Supp. 3d 1286, 1298 (N.D. Ala. 2019) (citing *Jarrard v. Nationwide Mut. Ins. Co.*, 495 So. 2d 584, 586 (Ala. 1986)).

Plus, at the pleading stage, the Marshes must meet Rule 9(b)'s heightened pleading requirements for fraud. Their complaint fails that standard. For example, the Marshes fail to allege where or when the alleged misrepresentation(s) occurred. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2011). The Marshes also fail to plead who made the alleged misrepresentation(s); the substance of what was misrepresented, the manner in which these alleged statements misled them, or how they relied on any alleged misrepresentations by State Farm. *Id.* That said, it is possible that the Marshes could allege sufficient facts to meet Rule 9(b) in an amended complaint. So the court will grant State Farm's Motion to Dismiss Count III *without* prejudice, so the Marshes—if they wish—can amend their Complaint to include the 'who, what, when, where, and how,' of a fraud claim.

## CONCLUSION

The court has jurisdiction over this case. The court **GRANTS** State Farm's Motion to Dismiss Count II *with* prejudice and Count III *without* prejudice. The Marshes must file their amended complaint (if any) by **June 14, 2024.**

**DONE** and **ORDERED** on May 28, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE